**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-02452-DDD-STV

MARTIN HERNANDEZ PAZ,

> Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the
  Department of Homeland Security;
DAVID VENTURELLA, in his official capacity as Acting Director of
  Immigration and Customs Enforcement;
GEORGE VALDEZ, in his official capacity as ICE Field Office
  Director; and
JUAN BALTAZAR, in his official capacity as Warden of the Aurora
  Contract Detention Facility,

> Respondents.[1]

---

## ORDER GRANTING WRIT OF HABEAS CORPUS

---

Petitioner Martin Hernandez Paz seeks a writ of habeas corpus directing that he be provided with an individualized bond hearing before an immigration judge. Doc. 1. For the following reasons, his petition is granted, and the respondents must provide the petitioner with a bond hearing or else release him within seven days of this Order.

---

[1]    To the extent that any of the original respondents has ceased to hold office during the pendency of this action, that party's successor "is automatically substituted as a party," and "any misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

## BACKGROUND[2]

The petitioner is a native and citizen of Mexico. Doc. 1 at 2, 5; Doc. 1-1 at 1. He entered the United States and has resided here for many years, and he is now the father of a U.S.-citizen child. Doc. 1 at 6. On May 26, 2016, the U.S. Department of Homeland Security issued a Notice to Appear, charging the petitioner with inadmissibility under 8 U.S.C. § 1182 and initiating removal proceedings under 8 U.S.C. § 1229a. Doc. 1-1 at 1. On May 29, 2024, an Immigration Judge issued an order of removal. Doc. 1 at 2, 6; Doc. 1-1. The petitioner appealed that order to the Board of Immigration Appeals. Doc. 1 at 2, 6; Doc. 1-2. On October 26, 2025, while that appeal was pending, the respondents took the petitioner into custody, and he has remained in detention since that time. Doc. 1 at 2, 6. On December 29, 2025, an IJ held a bond hearing pursuant to 8 U.S.C. § 1226(a) and denied bond based on a finding that the petitioner posed a danger to the community. *Id.* at 2, 6, 7; Doc. 1-3. On February 20, 2026, the BIA remanded the petitioner's case to the IJ for further action and supplementation of the record. Doc. 1 at 2, 6; Doc. 1-2. His removal proceedings are ongoing. Doc. 1 at 2, 6. He has not received a bond hearing or other custody determination since his case was remanded. *Id.* The petitioner's criminal history consists of "prior alcohol-related driving convictions." *Id.* at 6.

The petitioner contends that the respondents are unlawfully detaining him without a post-remand bond hearing in violation of the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. *See* Doc. 1 at 7-13. He seeks only a second bond hearing and does not seek an order directing his immediate release. *Id.* at 7, 11, 13-14.

---

[2]    In this Order, pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the top of each page, which may differ from a document's internal pagination.

## LEGAL STANDARD

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief may be granted if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to hear statutory and constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th Cir. 2001).

## DISCUSSION

While removal proceedings are being adjudicated, a noncitizen may be detained under 8 U.S.C. § 1225 or 1226. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28, 533 (2021); *Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018). Section 1225 is generally limited to noncitizens who are detained at the border, and Section 1226 applies to noncitizens who have entered the United States and are thereafter detained in the interior of the country. *See Santillan Quiroz v. Mullin*, — F.4th —, No. 26-6019, 2026 WL 1876709, at *4 to *17 (10th Cir. June 30, 2026). Except for certain criminal aliens, noncitizens who are arrested and detained under Section 1226 are entitled to a bond hearing before an immigration judge and may be released on bond or "conditional" parole if such release would not pose a danger to property or persons and the noncitizen is likely to appear for future proceedings. 8 U.S.C. § 1226; 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also Guzman Chavez*, 594 U.S. at 527 & n.2; *Jennings*, 583 U.S. at 306.

The petitioner here contends that he is entitled to a post-remand bond hearing before an immigration judge based on new facts and the current posture of his removal proceedings. Doc. 1 at 2, 3-4, 6-7, 12. The respondents state that they "are not submitting a brief in opposition to the Petition," and they "recognize that the Court may then decide to grant the Petition and award appropriate relief." Doc. 7 at 1-2. Because the petitioner was detained in the interior of the country, is not in expedited removal proceedings under Section 1225(b)(1), and does not appear to have a criminal history that would subject him to mandatory detention under Section 1226(c), he may only properly be detained under Section 1226(a), and he is entitled to a bond hearing. *See Santillan Quiroz*, 2026 WL 1876709, at *4 to *17. I therefore "must grant [his habeas] petition forthwith," and "order the Government to, within seven days . . . either provide him with a bond hearing or else release him."[3] *Id.* at *17 n.13.

## CONCLUSION

It is **ORDERED** that:

The Court's Order to Show Cause, Doc. 4, is **MADE ABSOLUTE**, and the Verified Petition for Habeas Corpus, **Doc. 1**, is **GRANTED**;

Within **one week** of this Order, the respondents must provide the petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1(d)(1), 1003.19, & 1236.1(d)(1) or else release the petitioner, and file a status report stating the results of any bond hearing that was conducted or the date of the petitioner's release if no bond hearing was held; and

---

[3]    Because habeas relief is granted on the basis that the petitioner is in custody in violation of the Immigration and Nationality Act, I need not address his other asserted ground for relief. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004).

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to substitute David Venturella, in his official capacity as Acting Director of Immigration and Customs Enforcement, in place of Respondent Todd Lyons.

DATED: July 8, 2026                    BY THE COURT:

Daniel D. Domenico
Chief United States District Judge